UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                     Plaintiff,        CRIMINAL CASE NO. 02-50045

v.

GREGORY A. NARANJO,        HONORABLE PAUL V. GADOLA
                                                    U.S. DISTRICT JUDGE
                     Defendant.
_____/

## ORDER DENYING MOTION FOR BOND PENDING APPEAL
### and
## DENYING MOTION TO NULL THE MOTION FOR BOND PENDING APPEAL

On October 4, 2006, following a hearing, this Court found that Defendant had violated his conditions of supervised release. Consequently, Defendant was committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of twenty-four months. On October 6, 2006, Defendant, through his attorney, filed a notice of appeal of that sentence.

On October 27, 2006, Defendant, through his counsel, filed a motion for bond pending appeal. The motion requested a hearing so that Defendant could demonstrate that he should be released on bond pending appeal because he is "not likely to flee or pose a danger to the safety or any other person or the community if released under section 3142(b) or (c)." 18 U.S.C. § 3143(b)(1)(A). The motion further asserted that the appeal raises substantial questions of law and fact and was not brought for the purpose of delay. *See* 18 U.S.C. § 3143(b)(1)(B).

On January 22, 2007, Defendant filed a *pro se* motion entitled "Defendant's Instanter Pro Se Motion to Null or Adjourn- Defendant's Motion for Bond Hearing." The motion makes numerous claims about the Court, most relating to Defendant's perception that the Court is biased

against Defendant and against Mexican-Americans in general. Defendant also claims that this Court has improperly allowed Defendant's counsel to file documents on his behalf, knowing that counsel has been dismissed. Therefore, Defendant asks the Court to adjourn all proceedings until the Court hears directly from him or, in the alternative, to deny the motion for bond without prejudice so that Defendant may file a *pro se* motion on his own behalf.

Addressing Defendant's second motion first, the Court begins by noting that defense counsel Paul Mueller is still Defendant's counsel of record. The Court has not received any motion requesting that Mr. Mueller be removed as Defendant's counsel. Defendant's assertion that he has been assigned new counsel for his appeal is not relevant; Mr. Mueller is still his counsel of record in this Court. Therefore, by way of his *pro se* motion, Defendant is seeking to proceed both *pro se* and through counsel, that is, in a "hybrid" fashion. *See McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984). Although the Sixth Amendment guarantees a defendant the right to conduct their own defense and even represent themselves, *see Faretta v. California*, 422 U.S. 806, 819-20 (1975), the right of self-representation does not include the right to proceed in a hybrid manner. *McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984). The appellate courts have uniformly recognized this principle. *See United States v. Nivica*, 887 F.2d 1110, 1121 (1st Cir.1989); *United States v. Wolfish*, 525 F.2d 457, 462-63 (2d Cir., 1975); *United States v. Essig*, 10 F.3d 968, 973 (3rd Cir.1993); *United States v. Sacco*, 571 F.2d 791, 793 (4th Cir. 1978)*; United States v. Daniels*, 572 F.2d 535, 540 (5th Cir. 1978)*; United States v. Mosely*, 810 F.2d 93, 97-98 (6th Cir. 1987); *Hayes v. Hawes*, 921 F.2d 100, 102 (7th Cir. 1990); *United States v. Williams*, 534 F.2d 119, 123 (8th Cir. 1976); *United States v. Halbert,* 640 F.2d 1000, 1009 (9th Cir.1981) (citing cases); *United States v. Hill*, 526 F.2d 1019, 1024-25 (10th Cir. 1975); *Cross v. United States*, 893 F.2d 1287, 1291-92 (11th Cir. 1990). Accordingly, the Court finds that Defendant has no right to proceed *pro se* while he is still

represented by counsel and his *pro se* motion will be summarily denied.

Turning to examine Defendant's motion for bond pending appeal, the Court finds that he has not made the requisite showing by "clear and convincing evidence" that he "is not likely to flee or pose a danger to the safety of any other person or the community if released." 18 U.S.C. § 3143(b)(1)(A). Furthermore, this Court is unconvinced that the appeal raises a "substantial question of law or fact that is likely to result in (i) reversal . . . (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b)(1)(B). Therefore, Defendant must be detained, 18 U.S.C. § 3143(b), and Defendant's motion for bond pending appeal must be denied. *Id.*

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendant's motion for bond pending appeal [docket entry 66] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's "Instanter Pro Se Motion to Null or Adjourn- Defendant's Motion for Bond Hearing," [docket entry 75] is also **DENIED**.

**SO ORDERED.**

Dated:  January 29, 2007                         s/Paul V. Gadola
                                                 HONORABLE PAUL V. GADOLA
                                                 UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on  January 29, 2007  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:           Nancy A. Abraham; Paul D. Muller                              , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                 Gregory Naranjo                            .

s/Ruth A. Brissaud
Ruth A. Brissaud, Case Manager
(810) 341-7845