UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                    Plaintiff,        CRIMINAL CASE NO. 02-50045

v.

GREGORY A. NARANJO,           HONORABLE PAUL V. GADOLA
                                                  U.S. DISTRICT JUDGE
                    Defendant.
_____/

## ORDER DENYING MOTION FOR RECUSAL

On August 13, 2007, Defendant filed a "Motion to Recuse Judge" [docket entry #88]. Defendant argues that the undersigned possesses "anti Mexican-American sentiment(s), predisposition(s), inherent bias/prejudice(s), etc." Def.'s Mot., p. 1 (Aug. 13, 2007) [docket entry #89]. Defendant continues, stating:

> This Movant is a Mexican-American of nature U.S. citizenship; and has had direct prior contact(s) with Judge Gadola outside his federal judgeship employment. Movant has stated in past attorney-client priviledged [sic] meetings/communication that said Judge Gadola is NOT impartial, but is partial against granting fairness, due process, equal access and consideration to court and the law to Mexican(s) and including Mexican-Americans of U.S. citizenry . . . . Simply restated, Judge Gadola exercises both judicial and personal prejudice and bias, etc., to Mexican-American(s) of Latin American roots and ancestry, among other related [sic].

*Id.* at 3.

Defendant also filed an "Affidavit in Support of Judge Recusal" on August 13, 2007, claiming that the undersigned, "has contempt, among other things, for Mexican(s) in general which affirmatively denies this particular Movant and litigant constitutionally mandated due process." Def.'s Aff., p. 1 (Aug. 13, 2007) [docket entry #89]. Defendant also declares:

> Judge Gadola has NOT ever allowed him (in any judicial proceeding)

unencumbered, unedited, free testimony and or free comment that was NOT intruded upon by the court. . . . Judge Gadola also hated and despised Miranda and Escobedo, related type, case law which involved civil liberty and protections he has benefited [sic] from! . . . . The court also disliked Movant's support of 'Latino-American' Gulf War Soldiers. Movant . . . supported said Gulf War Soldiers that rattled, shook, infuriated, etc., the Court.

Id. at pp. 2-3.

Defendant's motion does not cite a specific statute under which he seeks recusal. The Court will therefore consider the motion pursuant to 28 U.S.C. § 144 and 455.

According to the United States Court of Appeals for the Sixth Circuit, Sections 144 and 455 are to be read "*in pari materia.*" *Green v. Nevers*, 111 F.3d 1295, 1303 (6th Cir. 1997); *Easley v. University of Michigan Board of Regents*, 853 F.2d 1351, 1355 (6th Cir. 1988). Motions brought under either section are entrusted to the sound discretion of the trial court. *Green*, 111 F.3d at 1303.

Disqualification under either Section 144 or 455 must be predicated "upon extrajudicial conduct rather than on judicial conduct," and upon "a personal bias as distinguished from judicial one, arising out of the judge's background and association and not from the judge's view of the law." *Id.* at 1303-04 (quotations and citations omitted). Section 455 provides that a judge must disqualify himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). It is well-settled that adverse rulings during the course of proceedings are not by themselves sufficient to establish bias or prejudice which will disqualify the presiding judge. *See Knapp v. Kinsey,* 232 F.2d 458, 466 (6th Cir. 1956); *see also City of Cleveland v. Krupansky*, 619 F.2d 576, 578 (6th Cir. 1980) (holding that on motion to disqualify judge, facts stated with particularity were to be taken as true, but affidavits which were conclusory or constituted merely

2

opinions were not sufficient).

In the present case, after considering each of the factors enumerated, Defendant has not demonstrated that disqualification is required by federal statute. *See* 28 U.S.C. § 455. Defendant's allegations regarding the Court's personal bias against Mexican-Americans are entirely baseless. He fails to point to any facts in the record nor to any item in the undersigned's "background and association" that supports his position. Furthermore, Defendant has failed to provide *any* support for his allegation that he has "had direct prior contact(s) with Judge Gadola outside his federal judgeship employment." The Court knows of no such prior contact. Finally, the Court will decline to make any findings as to the remainder of Defendant's allegations, those regarding the Court's hatred of "Miranda and Escobedo" and those regarding the Court's alleged reaction as to Defendant's support of "Latino-American Gulf War Soldiers," because they are senseless.

Therefore, after a full consideration of the motion and affidavit, the Court finds Defendant has not demonstrated that the Court's "impartiality might reasonably be questioned." *See* 28 U.S.C. § 455.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendant's "Motion to Recuse Judge" [docket entry #88] is **DENIED**.

**SO ORDERED.**

Dated:  August 28, 2007   s/Paul V. Gadola
HONORABLE PAUL V. GADOLA
UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on   August 28, 2007  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:                              Nancy A. Abraham                              , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                Gregory A. Naranjo                .

                                                                          s/Ruth A. Brissaud
                                                                          Ruth A. Brissaud, Case Manager
                                                                          (810) 341-7845