UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY ALANO NARANJO,

                  Petitioner,        CRIMINAL CASE NO. 02-50045

v.

                                      HONORABLE PAUL V. GADOLA
UNITED STATES OF AMERICA,      U.S. DISTRICT JUDGE

                  Respondent.
_____/

## ORDER TO SHOW CAUSE
## AND
## ORDER DENYING CERTAIN MOTIONS

On December 22, 2003, Petitioner was sentenced to thirty months imprisonment after he pleaded guilty to one count of possession of obscene materials in violation of Title 18, United States Code, Section 1462. Petitioner's three-year term of supervised release commenced on February 23, 2006. Petitioner was unable to complete the term of supervised release without incident. On October 4, 2006, the Court revoked Petitioner's term of supervision after he admitted two violations of his conditions. The Court sentenced him to twenty-four months imprisonment.

Petitioner filed a notice of appeal on October 6, 2006. While that appeal was pending, on June 12, 2007, Petitioner filed a motion to vacate his sentence, pursuant to 28 U.S.C. § 2255. The motion perfunctorily raised ten alleged grounds for relief. Petitioner failed to assert any factual or legal basis for any of the claims, instead stating that he "requests [a] briefing opportunity." Petitioner also filed a "Motion for Assistance in Obtaining Counsel," asking the Court to assist him in obtaining counsel and asserting that he is financially unable to retain an attorney.

The Government filed a response to the petition, indicating that this Court did not have

jurisdiction to consider the petition for writ of habeas corpus while Petitioner's direct appeal was pending. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1124 (1998) ("[I]n the absence of extraordinary circumstances, a district court is precluded from considering a § 2255 application for relief during the pendency of the applicant's direct appeal.").

Petitioner then filed a document entitled, "Instanter Motion to Stay Motion . . . 28 U.S.C. § 2255 by a Person . . . Custody Proceedings," (ellipses in original) on July 18, 2007. Petitioner's motion states that his previously filed petition for writ of habeas corpus "was/is incomplete . . .[,] not correct or clear or concise, etc., lacking all grounds, etc." *See* Pet'r Mot to Stay, p. 2 [docket entry #85]. Petitioner further stated that the petition, "will be denied on its face (and maybe from time questions). This would be a mistake on [the] Court's part prejudicing movant. . . ." *Id.* Petitioner also makes reference to repeated attempts to file an amended petition. However, Petitioner claims that the amended petition has continuously been returned to after being illegally tampered with by the Bureau of Prisons. As a result of all of this, Petitioner's motion requested a stay of the proceedings until September 8, 2007.

Petitioner then filed a "Supplemental Brief" on August 3, 2007, regarding the motion to stay. Petitioner makes repeated references to a petition filed on May 29, 2007 and an amended petition filed on June 9, 2007. However, the petition described above was not filed, or signed by, Petitioner on either date. The petition before the Court was signed by Petitioner on June 1, 2007 and docketed by the Clerk of the Court on June 12, 2007. Petitioner's August 3, 2007 motion asks the Court for a continued stay of the proceedings until September 20, 2007.

On August 13, 2007, Petitioner filed a "Motion to Recuse Judge," asking that the undersigned be removed from the Petitioner's case. That motion was denied on August 28, 2007. Petitioner's motion for reconsideration of that order was denied on December 19, 2007. Petitioner

also filed a motion "to waive pleading filing requirement(s)," on September 14, 2007, asking the Court to accept untimely filed documents due to alleged mail processing difficulties.

Finally, the Court's sentence upon the revocation of Petitioner's term of supervised release was affirmed by the Court of Appeals for the Sixth Circuit on October 5, 2007. However, the mandate as to Petitioner's direct appeal was not filed until January 7, 2008. Accordingly, with the mandate now issued, this Court again has jurisdiction in this matter. *See* 6 Cir. I.O.P. 41 ("the mandate is the document by which [the Court of Appeals] relinquishes jurisdiction. . . .").

As a result of the foregoing, now before the Court are: (1) Petitioner's petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2255 [docket entry #80]; (2) Petitioner's motion for assistance in obtaining counsel [docket entry #82]; (3) Petitioner's motion to stay the § 2255 proceedings [docket entry #85]; (4) the Government's motion to dismiss the petition [docket entry #90]; (5) Petitioner's motion to allow the filing of untimely documents [docket entry #93].

The Court begins by acknowledging that, with respect to Petitioner's petition for writ of habeas corpus, there is considerable confusion. Petitioner has, admittedly, filed a petition without any factual or legal support. Petitioner concedes that his petition is "incomplete . . .[,] not correct or clear or concise, etc., lacking all grounds, etc." *See* Pet'r Mot to Stay, p. 2. The Court cannot properly consider Petitioner's claims without proper support. Furthermore, Petitioner filed the petition while his direct appeal was pending. As a result of the petition's timing, this Court was unable to consider the petition during the considerable period necessary to render an opinion on Petitioner's appeal. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1124 (1998). Finally, although Petitioner's filings make repeated references to various petitions and amendments, the Court has received only one petition, and that petition suffers the deficiencies described above.

Accordingly, based upon the admitted deficiencies and vagaries of Petitioner's filings

surrounding his petition for writ of habeas corpus, the Court concludes that it cannot properly adjudicate the matter at this time. Therefore, Petitioner will be required to show cause, within twenty-one days, why his perfunctory and unsupported petition should not be dismissed. Furthermore, following the Court of Appeals October 5, 2007 opinion and January 7, 2008 mandate as to Petitioner's direct appeal, the Government's motion to dismiss the petition pending direct appeal will be dismissed as moot. The Court will also dismiss Petitioner's motion to stay the proceedings as moot. The Court will next consider Petitioner's motion for assistance in obtaining counsel.

There exists no constitutional right to the appointment of counsel in civil cases, and the court has broad discretion in determining whether counsel should be appointed. *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) ("[A]ppointment of counsel in a civil case is ... a matter within the discretion of the court. It is a privilege and not a right.") (internal quotation omitted). A habeas petitioner may obtain representation at any stage of the case "[w]henever the United States magistrate or the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). In the instant case, after careful examination of the distinct facts presented, the Court determines that the interests of justice do not require appointment of counsel at this time. Therefore, Petitioner's motion for assistance in obtaining counsel will be denied.

Next, the Court has considered Petitioner's motion to allow the filing of untimely documents. Petitioner claims that his legal mail is repeatedly delivered late or, frequently, not delivered at all by the Bureau of Prisons. Additionally, Petitioner claims that his legal mail is subject to tampering by the Bureau of Prisons. As a result of all of these allegations, Petitioner requests that "his filing(s) to this District Court be accepted as timely filed when received," and that he not be subject to the Eastern District of Michigan Local Rules regarding filing deadlines. Although the Court is not

4

unsympathetic to Petitioner's alleged plight, the Court will deny his request as overbroad. The filing deadlines imposed in the Local Rules and elsewhere are meant to maintain the orderly litigation of matters before the Court. Abolishing all filing deadlines would only lead to further uncertainty and chaos, unduly complicating the proper adjudication of the claims presented. Furthermore, even if true, allowing Petitioner to file untimely documents would do nothing to prevent the alleged mail tampering by the Bureau of Prisons.

Finally, the Court notes that the docket reflects a pending motion for recusal filed on July 24, 2006. This motion requests the same relief, and is based upon the same grounds, as presented in Petitioner's August 13, 2007 motion for recusal. Consequently, because the August 13, 2007 motion was denied on August 28, 2007, the Court will deny the previous motion for recusal as moot.

Accordingly, **IT IS HEREBY ORDERED** that Petitioner shall **SHOW CAUSE**, within **TWENTY-ONE (21) DAYS** of the filing of this order, why his petition for writ of habeas corpus should not be dismissed.

**IT IS FURTHER ORDERED** that Petitioner's motion for assistance in obtaining counsel [docket entry #82] is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's motion to stay the § 2255 proceedings [docket entry #85] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the Government's motion to dismiss the petition [docket entry #90] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Petitioner's motion to allow the filing of untimely documents [docket entry #93] is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's motion for recusal [docket entry #50] is

**DENIED AS MOOT**.

**SO ORDERED.**

Dated:  January 31, 2008  				s/Paul V. Gadola
							HONORABLE PAUL V. GADOLA
							UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on  January 31, 2008  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:   Nancy A. Abraham  , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:   Gregory Naranjo  .

						s/Ruth A. Brissaud
						Ruth A. Brissaud, Case Manager
						(810) 341-7845