UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY ALANO NARANJO,

        Petitioner,

v.

UNITED STATES OF AMERICA,

        Defendant.

                               /

Case No. 07-12604
Criminal Case No. 02-50045

Paul V. Gadola
U.S. District Judge

Michael Hluchaniuk
U.S. Magistrate Judge

**ORDER DENYING MOTION TO STAY
AND ORDER TO SHOW CAUSE**

A.    Procedural History

Petitioner, Gregory Alano Naranjo, has filed a motion under 28 U.S.C. § 2255 seeking to vacate his prior conviction and sentence. (Dkt. 80). The petition was assigned to District Judge Paul V. Gadola, the district judge responsible for petitioner's criminal matter to which the § 2255 petition relates. The motion was received by the Clerk's Office on June 12, 2007, but the motion purports to have been signed on June 1, 2007. (Dkt. 80). On July 17, 2007, Judge Gadola directed the government to file a response to the motion to vacate. (Dkt. 84). The

1

government filed a motion to dismiss on August 16, 2007. (Dkt. 90). The government has not filed any further answer or responsive pleading.

On January 31, 2008, Judge Gadola denied various motions filed by petitioner and also denied the government's motion to dismiss as moot.[1] (Dkt. 102). Judge Gadola also found that the petition was "filed without any factual or legal support" and ordered petitioner to show cause "why his perfunctory and unsupported petition should not be dismissed." Petitioner sought, and was granted, an extension of time to answer the show cause order until March 6, 2008. (Dkt. 104). Petitioner submitted a pleading entitled "Movant's Pro Se Motion To Amend, Correct, Etc." in apparent response to the order to show cause. (Dkt. 105). That pleading was filed on March 7, 2008 and purportedly signed on March 4, 2008. *Id*. Petitioner filed a motion to "supplement" the "Motion To Amend" on March 14, 2008. (Dkt. 108).

On April 17, 2008, pursuant to 28 U.S.C. § 636(b)(1)(B), Judge Gadola referred petitioner's motion to vacate (Dkt. 80) to the undersigned. (Dkt. 109). Judge Gadola also referred to the undersigned, pursuant to § 636(b)(1)(A), petitioner's "Motion To Amend" (Dkt. 105) and his "Motion To Supplement"

---

[1] The basis of the government's motion to dismiss was that the § 2255 petition was improperly asserted while a direct appeal was still pending. When the Court issued its January 31, 2008 Order, petitioner's direct appeal was completed and, therefore, the government's motion to dismiss on that basis became moot.

(Dkt. 108). (Dkt. 109). Subsequently, petitioner filed a "Motion Requesting Stay Of 28 U.S.C. § 2255 Proceedings," (Dkt. 110), which Judge Gadola also referred to the undersigned under § 636(b)(1)(A). (Dkt. 111).

### B. Motion Requesting Stay

The motion requesting stay will be addressed initially because, if that motion were granted, the remaining issues would be suspended at least for a period of time. Petitioner is apparently requesting a "stay" of this matter so that he may look into the propriety of the orders of reference to a magistrate judge. Petitioner raises no discernable objection to the referral of these matters to a magistrate judge, but claims general "prejudice" as a result of the referral without having adequate time to "understand what Magistrates DO." (Emphasis in original). In the absence of a specific objection to the referral of these matters to a magistrate judge, the only obvious question is whether a magistrate judge has the authority to consider the matters referred. Federal law provides that magistrate judges, based on a referral, can "hear and decide" nondispositive, pretrial matters under § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a) as well as dispositive matters under § 636(b)(1)(B) and Rule 72(b), on a report and recommendation basis. *See generally*, *Callier v. Gray*, 167 F.3d 977, 979-83 (6th Cir. 1999). Specifically, a referral of a § 2255 petition may be made to magistrate judges under the provisions of § 636(b). *See*, Rules on Motion Attacking Sentence Under Section 2255, Rule

3

8(c); E.D. Mich.L.Civ.R. 72.1(b)(2). In light of the express jurisdictional basis for a referral of a § 2255 motion to a magistrate judge, and in the absence of any other objection, petitioner's motion for a stay of these proceedings is denied. Additionally, petitioner will have an opportunity to timely object to any decision made by the undersigned regarding the motions and, therefore, there is no apparent prejudice to petitioner as a result of the referrals.

**IT IS SO ORDERED.**

The parties to this action may object to and seek review of this Order Denying Motion to Stay and Order To Show Cause, but are required to file any objections within 10 days of service of a copy hereof as provided for in [28 U.S.C. § 636(b)(1)](#) and Local Rule 72.1(d)(2). A party may not thereafter assign as error any defect in this Order to which timely objection was not made. [Fed.R.Civ.P. 72(a)](#). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to Local Rule 72.1(d)(2), objections must be served on this Magistrate Judge.

    C.    <u>Order to Show Cause</u>

With respect to petitioner's Motion to Vacate, this Court is required to conduct a preliminary review and, if it appears that the moving party is not entitled to relief, the petition should be dismissed. *See*, Rules on Motion Attacking

Sentence Under § 2255, Rule 4(b). Based on the Court's preliminary review of this matter, it appears that the petition was not timely filed.

To be timely filed, a § 2255 petition, under the circumstances applicable to petitioner in this case, must be filed within one year of the criminal judgment becoming final. [28 U.S.C. § 2255(f)(1)](). The judgment of conviction that petitioner is challenging was entered on December 22, 2003. (Dkt. 26). He filed a direct appeal and his conviction was affirmed with the mandate issuing on March 1, 2006. (Dkt. 46). Petitioner did not seek review by the United States Supreme Court under *writ of certiorari* within the ninety day limitation for such review. *See*, Sup. Ct. R. 13(1). Petitioner's conviction was "final," for purposes of a § 2255 petition, ninety days from the mandate being issued, which in this case, was May 30, 2006. *[Clay v. United States](), 537 U.S. 522, 532 (2003)*. One year from the date on which petitioner's conviction became final is May 30, 2007.

As noted above, petitioner's § 2255 petition was filed with the Court on June 12, 2007, which is obviously beyond the limitation period. However, a prisoner petition is considered "filed" when the petition is delivered to prison officials for filing in the federal courts. *[Cook v. Stegall](), 295 F.3d 517, 521 (6th Cir. 2002)*. Petitioner's certification attached to his § 2255 motion purports to be signed on June 1, 2007, and indicates that it was provided to an "authorized recipient," on

that date. However, even that date is beyond the limitation period, albeit by very little.

The limitation period for filing a petition under § 2255 is not jurisdictional and is subject to equitable tolling. *Solomon v. United States*, 467 F.3d 928, 932-33 (6th Cir. 2007). "The doctrine of equitable tolling is applied sparingly by federal courts," and is typically used "only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003). Additionally, petitioner has the burden of demonstrating that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004).

Therefore, it is ordered that petitioner shall show cause, by July 7, 2008, why his petition should not be dismissed for failing to file the petition within the statutory time period of one year from the date his conviction became final. Petitioner should specifically address the factors listed in *Solomon*, at page 933, in demonstrating his entitlement to equitable tolling.[2] The United States shall have

---

[2] A copy of the *Solomon* opinion will be sent to petitioner along with a copy of this Order in the event that he does not have reasonable access to the opinion otherwise.

14 days from date of the filing of petitioner's response to this Order to establish any prejudice.

**IT IS SO ORDERED.**

Date: June 16, 2008

s/Michael Hluchaniuk
Michael Hluchaniuk
United States Magistrate Judge

**CERTIFICATE OF SERVICE**

I hereby certify that on June 16, 2008, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send electronic notification to the following: Nancy A. Abraham, AUSA, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: Gregory Alano Naranjo, ID#30045-039, FCI ELKTON, P.O. Box 10, Lisbon, OH 44432.

s/James P. Peltier
Courtroom Deputy Clerk
U.S. District Court
600 Church Street
Flint, MI 48502
(810) 341-7850
pete_peltier@mied.uscourts.gov