UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY ALANO NARANJO,

        Petitioner,

v.

UNITED STATES OF AMERICA,

        Respondent.
_____/

Case No. 07-12604
Criminal Case No. 02-50045

Paul V. Gadola
United States District Judge

Michael Hluchaniuk
United States Magistrate Judge

# REPORT AND RECOMMENDATION
# TO DISMISS 28 U.S.C. § 2255 PETITION

Petitioner, Gregory Alano Naranjo, has filed a motion under 28 U.S.C. § 2255 seeking to vacate his prior conviction and sentence. (Dkt. 80). The petition was assigned to District Judge Paul V. Gadola, the district judge responsible for petitioner's criminal matter to which the § 2255 petition relates. The motion was received by the Clerk's Office on June 12, 2007, but the motion purports to have been signed on June 1, 2007. (Dkt. 80). On July 17, 2007, Judge Gadola directed the government to file a response to the motion to vacate. (Dkt. 84). The government filed a motion to dismiss on August 16, 2007. (Dkt. 90). The government has not filed any further answer or responsive pleading.

On January 31, 2008, Judge Gadola denied various motions filed by petitioner and also denied the government's motion to dismiss as moot.[1] (Dkt. 102). Judge Gadola also found that the petition was "filed without any factual or legal support" and ordered petitioner to show cause "why his perfunctory and unsupported petition should not be dismissed." Petitioner sought, and was granted, an extension of time to answer the show cause order until March 6, 2008. (Dkt. 104). Petitioner submitted a pleading entitled "Movant's Pro Se Motion To Amend, Correct, Etc." in apparent response to the order to show cause. (Dkt. 105). That pleading was filed on March 7, 2008 and purportedly signed on March 4, 2008. *Id*. Petitioner filed a motion to "supplement" the "Motion To Amend" on March 14, 2008. (Dkt. 108).

On April 17, 2008, pursuant to 28 U.S.C. § 636(b)(1)(B), Judge Gadola referred petitioner's motion to vacate (Dkt. 80) to the undersigned. (Dkt. 109). Judge Gadola also referred to the undersigned, pursuant to § 636(b)(1)(A), petitioner's "Motion To Amend" (Dkt. 105) and his "Motion To Supplement" (Dkt. 108). (Dkt. 109). Subsequently, petitioner filed a "Motion Requesting Stay

---

[1] The basis of the government's motion to dismiss was that the § 2255 petition was improperly asserted while a direct appeal was still pending. When the Court issued its January 31, 2008 Order, petitioner's direct appeal was completed and, therefore, the government's motion to dismiss on that basis became moot.

Of 28 U.S.C. § 2255 Proceedings," (Dkt. 110), which Judge Gadola also referred to the undersigned under [§ 636(b)(1)(A)](). (Dkt. 111).[2]

On June 16, 2008, this Court entered an order denying motion to stay and order to show cause. (Dkt. 114). A copy of that order was mailed to petitioner at his address of record, which was FCI Elkton in Lisbon, Ohio. The show cause portion of that order required that petitioner show cause, by July 7, 2008, why his petition should not be dismissed for failing to file the petition within the statutory time period of one year from the date his conviction became final.

On June 30, 2008, petitioner filed a pleading entitled "Movant's Pro Se Notice Of Court Failure To Serve In 28 U.S.C. § 2255 Proceeding," claiming that he had not received any information from the Court between May 23, 2008 and June 17, 2008. (Dkt. 115). This pleading, dated June 17, 2008, indicated petitioner's address was FCI Elkton, Lisbon, Ohio. *Id*. No response to the order to show cause was filed by petitioner.

As set forth in the Court's September 5, 2008 Amended Order to Show Cause, petitioner was released from federal custody on June 17, 2008 but failed to

---

[2] For the reasons set forth in this Report and Recommendation, petitioner's motions to amend/correct and to supplement will be denied as moot via separate order. (Dkt. 105, 108).

timely notify the Court of any new address. (Dkt. 116). As noted in the September 5, 2008 Order, implicit in the federal rules is the requirement that the parties provide current address information to the Court or suffer the consequences of being defaulted on pleadings served at an address that is no longer accurate, but is, nonetheless, the "last known address" of the party. *Id.*, citing, Fed.R.Civ.P. 5(b)(2)(C).

In the September 5, 2008 Order, the Court declined to impose the harsh remedy of defaulting petitioner and dismissing the present petition based on his failure to file a timely response to the order to show cause. (Dkt. 116). Instead, the Court gave petitioner an opportunity to show cause why the petition should not be dismissed for failing to file the petition within the statutory time period of one year from the date his conviction became final by September 19, 2008. *Id*.

Petitioner failed to timely or substantively respond to the Court's September 5, 2008 Order. Rather, on September 29, 2008, 10 days after the deadline to respond to the amended order to show cause passed, petitioner filed a "request" for a waiver of costs to access PACER and claims that he was not able to be more timely because he did not know about the Court's filings. (Dkt. 117). According to this "request" and the accompanying "notice" of his purportedly "new" address, plaintiff claims that he will "reliably" receive mail at his home address of 9536

Fenhill Drive, Grand Blanc, Michigan 48439. (Dkt. 117, 118). While plaintiff claims to provide a "new" address to the Court, this is exactly the same address at which the Court served the September 5, 2008 amended order to show cause, along with a copy of the order denying the motion to stay and original order to show cause. (Dkt. 116). Simply put, petitioner's "request" offers no legitimate excuse for petitioner's failure to respond to the September 5, 2008 order in a timely and complete fashion. Thus, the undersigned **RECOMMENDS** that the District Court **DISMISS** this action.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 10 days of service, as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Within 10 days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall not exceed 20 pages in length unless such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections by motion and order. If the Court determines any objections are without merit, it may rule without awaiting the response to the objections.

Date: October 1, 2008

s/Michael Hluchaniuk
Michael Hluchaniuk
United States Magistrate Judge

**CERTIFICATE OF SERVICE**

I hereby certify that on October 1, 2008, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send electronic notification to the following: Nancy A. Abraham and Paul D. Muller, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: Gregory Alano Naranjo, 9536 Fenhill Drive, Grand Blanc, MI 48439.

s/James P. Peltier
Courtroom Deputy Clerk
U.S. District Court
600 Church Street
Flint, MI 48502
(810) 341-7850
pete_peltier@mied.uscourts.gov